UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALEXANDER KAZEROONI,

    Plaintiff,                                   Case No. 2:18-cv-11326

v.                                          HONORABLE STEPHEN J. MURPHY, III

THOMAS ZURBUCHEN, et al.,

    Defendants.

_____/

## **ORDER GRANTING IFP STATUS AND DISMISSING CASE**

Plaintiff Alexander Kazerooni was purportedly a master's student at the University of Michigan until he ran into a number of troubles. His pro se complaint accuses various people of wrongdoing: Matthew Schembechler misled him about a job, professor Thomas Zerbuchen retaliated against him for whistleblowing to NASA, his sister mistreated their ailing mother, and persons at the College of Engineering prevented him from taking the necessary credits to complete his certificate and reneged on a promise. But none of these alleged wrongdoings are what Kazerooni is suing about. Kazerooni exclusively asks the Court for "an emergency injunction to suspend the tolling of time for degree completion." ECF 1, PgID 2.

Concurrent with his complaint, Kazerooni also filed a request to proceed in forma pauperis. Upon reviewing the application, the Court is persuaded that Kazerooni is unable to pay the filing fee, so his application to proceed IFP will be granted.

When a plaintiff proceeds in forma pauperis, but his complaint fails to state a claim upon which relief may be granted, the Court must dismiss it sua sponte. *See McGore v. Wrigglesworth*, 114 F.3d 601, 612 (6th Cir. 1997) (applying 28 U.S.C. § 1915(e)(2)(B)(ii)), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). To state a valid claim, the plaintiff's factual allegations must demonstrate a plausible entitlement to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007).

Kazerooni has failed to state a claim upon which relief may be granted. The civil cover sheet included with his complaint indicates that Kazerooni brings the suit under the Americans with Disabilities Act. ECF 1, PgID 3. Although the body of the complaint mentions discrimination, it is discrimination based upon Kazerooni having filed a prior lawsuit against another university. He explains that he suffered a neck injury that "rose to severity equivalent to disability" which in turn led to a lawsuit, but it is not clear what actions specific University of Michigan actors took based upon Kazerooni's disability. Elsewhere Kazerooni mentions that others have suggested he is suicidal and depressed, but he disclaims these as lies advanced by his sister. In any event, these references to Kazerooni's health are unconnected to the relief he seeks—relief that the Court may not even be empowered to grant. And even so, such vague references are not sufficient to render the claim plausible on its face. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009).

But because his complaint fails to state a claim, the Court will dismiss it without prejudice.

**ORDER**

**WHEREFORE**, it is hereby **ORDERED** that Plaintiff's request to proceed without prepaying fees or costs [2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the Complaint [1] is **DISMISSED WITHOUT PREJUDICE**.

**SO ORDERED**.

                                           s/Stephen J. Murphy, III
                                           STEPHEN J. MURPHY, III
                                           United States District Judge

Dated: May 31, 2018

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on May 31, 2018, by electronic and/or ordinary mail.

                                           s/David P. Parker
                                           Case Manager